UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSE EDWARD ATWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03161-JPH-TAB |
| | ) | |
| SHELBY COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint and Directing Further Proceedings**

Plaintiff Jesse Atwood, at relevant times an inmate at the Shelbyville County Jail, brings this action under 42 U.S.C. § 1983. Mr. Atwood filed his complaint in state court, but the defendants removed the action to this Court. Dkt. 1. Because Mr. Atwood is a "prisoner" as defined by 28 U.S.C. § 1915(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

## I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II.   The Complaint

Mr. Atwood filed two complaints in Indiana case number 73D01-2011-CT-39. *See* dkt. 7-2 at 1–5 (first complaint, signed October 21, 2020) and 13–18 (second complaint, also signed October 21, 2020). In those two complaints, Mr. Atwood names eight defendants: (1) Sheriff's Department of the City of Shelbyville, (2) Deputy Kenneth Thompson; (3) Deputy Rosales; (4) Jail Officer Corporal Haley Sutton; (5) Jail Officer Corporal Brittany Yeager; (6) the Shelby County Criminal Justice Center; (7) Captain Jared Sipes, and (8) Sheriff Louie Koch. He seeks damages.

According to the first complaint, Mr. Atwood was arrested on October 4, 2018, and charged with residential entry under state court cause number 73D01-1810-F6-0488. He includes the probable cause affidavit as an exhibit. Dkt. 7-2 at 7–8. According to the affidavit, Deputy Kenneth Thompson and Deputy Rosales arrested Mr. Atwood after two homeowners advised them that Mr. Atwood had entered their homes without permission seeking laxatives or Dawn dish soap because his friend had poisoned him. The second homeowner gave Mr. Atwood dish soap, which Mr. Atwood drank and then threw up in the homeowner's bathroom. Medics arrived and took Mr. Atwood to the hospital, and he was subsequently charged with residential entry for entering the strangers' homes. The Court takes judicial notice of the online docket, available at mycase.in.gov, which reflects that the case was dismissed on March 13, 2019. Mr. Atwood alleges that his wrongful arrest, detention, and prosecution resulted in the loss of his job, his child being deemed a Child in Need of Services, and other hardships.

2

According to the second complaint, on August 16 or 17, 2018, Mr. Atwood was in the Shelby County Jail for an unrelated arrest. Two officers, Corporal Sutton and Corporal Yeager, advised Mr. Atwood that he would be housed in the K-block of the jail. That section housed child sex offenders and other violent offenders. Mr. Atwood told the jail officers that he did not want to be housed there because as the father of eight children it would be too distressing. The officers told him he had no choice. Mr. Atwood stated he indeed had a choice, and he sat down next to the I-block door and crossed his arms and legs. Officer Sutton immediately sprayed Mr. Atwood in the face with pepper spray and tackled him. Officer Yeager called for back-up and tased Mr. Atwood three or four times. Mr. Atwood alleges he was not fighting or acting aggressively. Captain Sipes refused to provide Mr. Atwood with an incident report besides a conduct write-up for Mr. Atwood. Mr. Atwood alleges that this incident resulted in psychological injury from the officers' actions and from being housed in a cell block normally reserved for violent and sex offenders.

### III. Discussion

Mr. Atwood's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). Mr. Atwood's claims involve two distinct sets of facts—the first involving his arrest and detainment for residential entry, and the second involving the incident when he refused to be placed in the K-block.

#### A. Residential Entry Arrest Claims

Mr. Atwood's Fourth Amendment claim for false arrest or imprisonment is **dismissed** for **failure to state a claim** upon which relief may be granted. "Probable cause is an absolute defense

to claims of wrongful or false arrest under the Fourth Amendment in section 1983 suits." *Ewell v. Toney,* 853 F.3d 911, 919 (7th Cir. 2017). "In other words, if an officer has probable cause to arrest a suspect, the arrest was not false." *Id.* Probable cause exists where a reasonable officer has reason to believe—considering the facts and circumstances within his knowledge—"that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal quotation marks and citation omitted). Here, the criminal docket reflects that the state court found probable cause for the residential entry arrest on October 10, 2018. Under Indiana law, "[a] person who knowingly or intentionally breaks and enters the dwelling of another person commits residential entry, a Level 6 felony." Ind. Code § 35-43-2-1.5. The probable cause affidavit supports the trial court's finding of probable cause. Mr. Atwood points to no errors or misstatements in the affidavit. *Ewell*, 853 F.3d at 919.

Mr. Atwood's Fourteenth Amendment malicious prosecution claim is **dismissed** for failure to state a claim upon which relief can be granted. "Federal courts are rarely the appropriate forum for malicious prosecution claims," because there is no federal constitutional right not to be prosecuted without probable cause. *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). Rather, the plaintiff must allege a violation of a particular constitutional right, such as the right to a fair trial under the due process clause. *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014). To state a Fourteenth Amendment due process claim for malicious prosecution,

> a plaintiff must demonstrate that (1) he has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir.1996). Under Indiana law, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Golden Years Homestead, Inc. v. Buckland,* 557 F.3d 457, 462 (7th Cir.2009) (internal citations omitted).

*Id.* Because there was probable cause to charge Mr. Atwood with residential entry, he has not alleged a violation of his right to due process for his incarceration prior to the case's dismissal.

### B. K-Block Claims

Mr. Atwood's claims related to the incident at the jail are **dismissed** because they are barred by the statute of limitations. Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34-11-2-4. Mr. Atwood alleges that Officer Sutton and Officer Yeager used excessive force in an incident that occurred on August 16 or 17, 2018, but his complaint was not signed until October 21, 2020. It is therefore untimely.

"It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6) . . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [him]self out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Because Mr. Atwood has pled facts that demonstrate his excessive force claim against Officer Sutton and Officer Yeager is time barred, it is **dismissed**.

It is unclear from his complaint whether his placement in a cellblock with violent and sex offenders lasted beyond October 21, 2018. However, even if those claims are not barred by the statute of limitations, they are dismissed on independent grounds.

Any conditions-of-confinement claim due to Mr. Atwood's placement in a cellblock with violent and sex offenders is **dismissed**. Mr. Atwood does not allege that the defendants placed him in a high-security cellblock out of retaliation or as a form of punishment, and jail administrators must be afforded deference in their day-to-day decision-making. *Holleman v. Zatecky*, 951 F.3d 873, 880–82 (7th Cir. 2020). Further, Mr. Atwood also does not allege that he was threatened or injured by an inmate as a result of his placement in the cellblock. Jail officials have a duty to protect inmates from violent assaults by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). They incur liability for the breach of that duty when they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)). Mr. Atwood cites no danger or threat beyond his own discomfort in being housed near sex and violent offenders.

Any claim against Captain Sipes is **dismissed**. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). The only allegation against Captain Sipes is that he failed to provide Mr. Atwood with an incident report after the incident at the jail, which the Court interprets as a request for a grievance procedure. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due

process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008).

Any claim against Sheriff Koch in his individual capacity is **dismissed** for failure to allege any personal involvement in the alleged excessive force incident or Mr. Atwood's subsequent conditions of confinement. *Colbert*, 851 F.3d at 657.

Claims against Sheriff Koch in his official capacity[1] or the Shelby County Sheriff's Department are **dismissed**. The Sheriff's Department may only be sued when its actions violate the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978) to claim against Sheriff Department). To state a *Monell* claim, the plaintiff must allege that a policy, practice, or custom of the Sheriff's Department caused the deprivation of his federally secured rights. *Id.* (citing *Bd. of the Cty. Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997)). The complaint fails to provide any factual basis upon which to conclude that the Sheriff's Department took any action that caused the alleged excessive force by the two jail officers or Mr. Atwood's confinement in an undesirable cellblock.

Any claim against the Shelby County Criminal Justice Center is **dismissed** because it is a building, not a suable entity under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018).

For the foregoing reasons, all of Mr. Atwood's claims are dismissed. The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, Mr. Atwood shall have **through March 3, 2021, in which to file an amended complaint**. *See*

---

[1] *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) (noting suing an individual in his official capacity "is another way of pleading an action against an entity of which the officer is an agent.").

*Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

An amended complaint should in essence tell the Court who did what when. In filing an amended complaint, Mr. Atwood shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Order, 1:20-cv-03161-JPH-TAB. Further, the amended complaint must have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above without further notice.

The Court further notes that Mr. Atwood filed two complaints based on two distinct episodes in Indiana case number 73D01-2011-CT-39 before the case was removed to this Court. On January 20, 2021, Mr. Atwood filed a motion to correct errors, dkt. [15], noting that he intended to file two separate actions in Shelby County Superior Court and requesting that the record shows that he seeks $90,000 in damages from the two incidents. Because Mr. Atwood's claims are dismissed, the motion to correct errors, dkt. [15], is **denied as moot**.

A plaintiff may join defendants in a single lawsuit only if the grounds for relief "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and "[some] question

8

of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. But complaints with misjoined defendants should be rejected, "either by severing the action into separate lawsuits or by dismissing improperly joined defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Because none of Mr. Atwood's claims are viable as presented, the Court will not sever the action into two lawsuits. However, if Mr. Atwood chooses to amend his complaint, he must keep in mind that the amended complaint must deal with one series of events, and he can file a separate complaint if he wants to seek relief for the other series of events.

### IV. Conclusion

Mr. Atwood's complaint is **dismissed**, and his motion to correct errors, dkt. [15], is **denied as moot**. He shall have **through March 3, 2021, in which to file an amended complaint**.[2] Failure to do so will result in the dismissal of this action for the foregoing reasons. The **clerk is directed** to include a prisoner complaint form with Mr. Atwood's copy of this Order.

Further, some of Mr. Atwood's allegations involve his minor children and proceedings with the Department of Child Services. Mr. Atwood included documentation with the children's complete names, though they should have been identified only by their initials. Fed. R. Civ. P. 5.2(a). The **clerk is directed** to seal documents [1-2], [7-1], and [7-2]. Mr. Atwood and counsel for the defendants must take care to redact their names in future filings.

---

[2] The Court notes that counsel entered an appearance for "Shelby County Sheriff's Department and all Shelby County Sheriff's Department employees who were served with summonses on November 25, 2020." Dkt. 2. On January 12, 2021, an answer was filed for the Shelby County Sheriff's Department only. Dkt. 11. Should Mr. Atwood file an amended complaint with viable claims, the Court will direct further proceedings with respect to any amended answers.

**SO ORDERED.**

Date:  2/3/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

JESSE EDWARD ATWOOD
141915
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant - Court Only

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com