UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE EDWARD ATWOOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHELBY COUNTY SHERIFF'S )<br>DEPARTMENT, )<br>SHELBY COUNTY CRIMINAL JUSTICE )<br>CENTER, )<br>CITY OF SHELBYVILLE, )<br>)<br>Defendants. ) | No. 1:20-cv-03161-JPH-TAB |

**Order Screening Amended Complaint, Dismissing Claims, and
Directing Further Proceedings**

Plaintiff, Jesse Atwood, is an inmate at Branchville Correctional Facility. He brings this action alleging constitutional violations stemming from an arrest in Shelby County, Indiana.

Mr. Atwood's complaint was dismissed for failure to state a claim, and he was provided an opportunity to amend his complaint. Dkt. 20. His amended complaint, dkt. 21, is now the operative complaint and is subject to screening pursuant to 28 U.S.C. § 1915A(b).

**II. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Thus, for the amended complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is

plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Atwood are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

Mr. Atwood brings this action under 42 U.S.C. § 1983. He names five defendants: (1) the State of Indiana, (2) Shelby County, (3) Deputy Sheriff Kenneth Thompson, (4) Deputy Prosecutor Edward Zych, and (5) Deputy Prosecutor Jeremy Pasel.

According to the amended complaint,

> Deputy Sheriff [Thompson] filed fraudulent malicious charges on me after a false report was made on me, prosecutors "requested" charging information, with Deputy Thompson changing key facts in order to arrest. Prosecutors maliciously prosecuted me having me arrested. The defendants had no probable cause to arrest and I was denied a fair trial with charges later dismissed, action then terminated in my (plaintiff's) favor. The errors of misstatement by Deputy Prosecutor [sic] Kenneth Thompson's original affidavit were false in order to make my arrest.

Dkt. 21 at 2.

He alleges that the false arrest deprived him of his Fourteenth Amendment right to due process because he was detained for four months, lost his job, and missed the birth of his daughter.

### III. Discussion

Mr. Atwood's complaint must be **dismissed for failure to state a claim upon which relief can be granted**.

Any claim against deputy prosecutors Zych and Pasel must be dismissed because they are entitled to absolute immunity. "Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017).

Any claim against Shelby County is dismissed because, in Indiana, the county is not a proper defendant for actions of the Sheriff's Department since the county has no authority over the Sheriff or his deputies. *Estate of Drayton v. Nelson*, 53 F.3d 165, 167–68 (7th Cir. 1994).

Any claim against Indiana is barred by the Eleventh Amendment. "'The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment.'" *de Lima Silva v. Dep't of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019) (quoting *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005)).

Thus, the only remaining claims are against Deputy Thompson. Mr. Atwood provides no details about the nature of the arrest—when it occurred, what allegedly happened, or what misstatements Deputy Thompson made in the probable cause affidavit.[1] Thus, he has not pleaded any "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Further, for a claim of false arrest to

---

[1] Mr. Atwood's original complaint did provide more detail, but because an amended complaint completely replaces the original, *see Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017), any allegations made previously are irrelevant to this screening.

succeed, Mr. Atwood must demonstrate a lack of probable cause. *Howlett v. Hack*, 794 F.3d 721, 726 (7th Cir. 2015). "Probable cause is an absolute defense to claims of wrongful or false arrest under the Fourth Amendment in section 1983 suits." *Ewell v. Toney,* 853 F.3d 911, 919 (7th Cir. 2017). "In other words, if an officer has probable cause to arrest a suspect, the arrest was not false." *Id.* Probable cause exists where a reasonable officer has reason to believe—considering the facts and circumstances within his knowledge—"that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal quotation marks and citation omitted). The officer can rely on information provided by eyewitnesses. *Howlett*, 749 F.3d at 727. In the Court's original screening order, it noted that the probable cause affidavit supported a finding of probable cause based on two homeowners reporting to police that Mr. Atwood had entered their homes without permission. Dkt. 20 at 4. And while the amended complaint alleges that "[t]he errors of misstatement by . . . Kenneth Thompson's original affidavit were false," dkt. 21 at 3, Mr. Atwood does not "point to any specific errors or misstatements." *Ewell*, 853 F.3d at 919.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, Mr. Atwood shall have one more opportunity **through May 14, 2021, in which to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."). If filed, the amended complaint shall have the words "Amended Complaint" and the proper case number, No. 1:20-cv-03161-JPH-TAB, on the first page. Any amended complaint will be screened pursuant to 28 U.S.C. § 1915A(b) and will completely replace the

original complaint, so it must include all defendants, claims, factual allegations, and remedies Mr. Atwood wishes to pursue in this action.

### IV. Other Pending Motions

Because Mr. Atwood's complaint fails to state a claim upon which relief can be granted, his motion for discovery, dkt. [16], and motion for summary judgment, dkt. [17], are **denied as premature**. If Mr. Atwood files an amended complaint with a viable claim, the Court will issue a pretrial schedule order with deadlines for discovery and dispositive motions after the complaint has been screened and the defendants have filed their answer.

### V. Conclusion

Mr. Atwood's amended complaint fails to state a claim upon which relief can be granted. He shall have **through May 14, 2021**, in which to file an amended complaint. Failure to do so will result in the immediate dismissal of this case. Mr. Atwood's motion for discovery, dkt. [16], and motion for summary judgment, dkt. [17], are **denied as premature**.

**SO ORDERED.**

Date: 4/22/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSE EDWARD ATWOOD
141915
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com