UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE EDWARD ATWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-03161-JPH-TAB |
| ) | |
| SHELBY COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| SHELBY COUNTY CRIMINAL JUSTICE ) | |
| CENTER, ) | |
| CITY OF SHELBYVILLE, ) | |
| ) | |
| Defendants. ) | |

**Order Denying Without Prejudice Motions for Assistance with Recruiting Counsel and Granting Motion for Extension of Time**

Plaintiff, Jesse Atwood, brings this action alleging constitutional violations stemming from an arrest in Shelby County, Indiana. The Court screened and dismissed his complaint on February 2, 2021, for failure to state a claim upon which relief can be granted and provided him an opportunity to file an amended complaint. Dkt. 20. Mr. Atwood filed an amended complaint, dkt. 21, and the Court similarly dismissed that complaint on April 22, 2021, again providing Mr. Atwood with an opportunity to file an amended complaint, dkt. 24. Mr. Atwood now moves for counsel and for an extension of time to file a second amended complaint.

### I. Motions for Counsel

Mr. Atwood has filed two motions for assistance recruiting counsel. Dkts. 25, 26. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro

1

bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Atwood states he has "already sent out several mail correspondence to many attorneys that are going unanswered" or denied. Dkt. 26 at 2. Mr. Atwood did not list the attorneys or law firms as he was directed to do, making it difficult for the Court to assess whether his attempts were reasonable. However, because Mr. Atwood seeks the recruitment of counsel to assist him with

2

amending his complaint, the Court chooses to proceed to the second inquiry. Should Mr. Atwood renew his request for counsel, he must include the names of the firms or attorneys that he contacted.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655).

Mr. Atwood requests counsel at this early stage because he has been unsuccessful in filing a complaint with a viable claim. He states, "I need assistance with the correct filing of my claims[.] My trouble has been stating a claim for relief and presenting the precise issue correctly. I can explain in detail and prove each accusation." Dkt. 26 at 2. Although Mr. Atwood's amended complaint replaced his original complaint, the Court summarizes his allegations as presented in both complaints. In his original complaint, Mr. Atwood explained that in October 2018, he was arrested for residential entry after he allegedly entered two strangers' homes seeking laxatives or Dawn dish soap because he believed he had been poisoned. The case was dismissed on March 13, 2019. In his second amended complaint, Mr. Atwood claims the defendants (deputy prosecutors, Shelby County, the State of Indiana, and Deputy Sheriff Thompson) did not have probable cause to arrest him and that Deputy Thompson made "errors of misstatement" in the probable cause affidavit in order to arrest him. Dkt. 21 at 2. In the Court's screening order of the second amended

complaint, the Court dismissed claims against the prosecutors because they were immune from suit, Shelby County because it was an improper defendant, and Indiana because it was barred by the Eleventh Amendment. Dkt. 24 at 3. The Court then said the following:

> Thus, the only remaining claims are against Deputy Thompson. Mr. Atwood provides no details about the nature of the arrest—when it occurred, what allegedly happened, or what misstatements Deputy Thompson made in the probable cause affidavit. Thus, he has not pleaded any "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Further, for a claim of false arrest to succeed, Mr. Atwood must demonstrate a lack of probable cause. *Howlett v. Hack*, 794 F.3d 721, 726 (7th Cir. 2015). "Probable cause is an absolute defense to claims of wrongful or false arrest under the Fourth Amendment in section 1983 suits." *Ewell v. Toney,* 853 F.3d 911, 919 (7th Cir. 2017). "In other words, if an officer has probable cause to arrest a suspect, the arrest was not false." *Id.* Probable cause exists where a reasonable officer has reason to believe—considering the facts and circumstances within his knowledge—"that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal quotation marks and citation omitted). The officer can rely on information provided by eyewitnesses. *Howlett*, 749 F.3d at 727. In the Court's original screening order, it noted that the probable cause affidavit supported a finding of probable cause based on two homeowners reporting to police that Mr. Atwood had entered their homes without permission. Dkt. 20 at 4. And while the amended complaint alleges that "[t]he errors of misstatement by …Kenneth Thompson's original affidavit were false," dkt. 21 at 3, Mr. Atwood does not "point to any specific errors or misstatements." *Ewell*, 853 F.3d at 919.

Dkt. 24 at 4.

Mr. Atwood has a GED and can read and write. He has drafted his pleadings without the assistance of others. He suffers from anxiety and depression, but mental illness, while relevant to the Court's inquiry, does not create a legal entitlement to the appointment of counsel. *Eagan*, 987 F.3d at 682. Mr. Atwood's mental conditions have not affected his ability to communicate with the Court and file cogent pleadings.

The Court finds that Mr. Atwood is capable of following the Court's instructions and filing an amended complaint without the assistance of counsel. Mr. Atwood must recall that an amended complaint replaces all previously filed complaints. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir.

2017). Accordingly, the amended complaint must stand on its own, stating all factual allegations against every defendant Mr. Atwood believes is liable and what relief he seeks. As the Court noted in its second screening order, Mr. Atwood alleged in his amended complaint that Deputy Thompson falsified the probable cause affidavit, but he did not describe the incident giving rise to his arrest (as he did in the first complaint) or what falsehoods Deputy Thompson made. But Mr. Atwood does not need the assistance of counsel to describe what occurred, as it is within his personal knowledge. *See Mapes v. Indiana*, 932 F.3d 968, 971 (7th Cir. 2019) (finding court did not abuse its discretion in failing to recruit counsel to assist plaintiff with amending complaint where "he was . . . mentally able to recall the events" giving rise to his claim).

Accordingly, Mr. Atwood's motions for assistance with recruiting counsel, dkts. [25] and [26] are **denied without prejudice** because Mr. Atwood is competent to file a second amended complaint.

## II.     Motion for Extension of Time to File Second Amended Complaint

Mr. Atwood's motion for extension of time to file a second amended complaint, dkt. [27], is **granted**. The deadline for Mr. Atwood to file his amended complaint is **May 31, 2021**. The amended complaint must have the words "Second Amended Complaint" and the proper case number, No. 1:20-cv-03161-JPH-TAB, on the first page.

**SO ORDERED.**

Date: 5/3/2021

                                            James Patrick Hanlon
                                            United States District Judge
                                            Southern District of Indiana

Distribution:

JESSE EDWARD ATWOOD
141915
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com