UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSE EDWARD ATWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03161-JPH-TAB |
| | ) | |
| SHELBY COUNTY SHERIFF'S DEPARTMENT, | ) | |
| SHELBY COUNTY CRIMINAL JUSTICE CENTER, | ) | |
| CITY OF SHELBYVILLE, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Second Amended Complaint, Dismissing Insufficient Claims, and Directing Issuance of Process**

Plaintiff, Jesse Atwood, is an inmate at Branchville Correctional Facility. He brings this action alleging constitutional violations stemming from an arrest in Shelby County, Indiana.

Mr. Atwood's complaint and amended complaint were dismissed for failure to state a claim, and he was provided one more opportunity to amend his complaint. Dkt. 24. His second amended complaint, dkt. 29, is now the operative complaint and is subject to screening pursuant to 28 U.S.C. § 1915A(b).

**II. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the second amended complaint, or any portion of the second amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether

the second amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Thus, for the second amended complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Atwood are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Second Amended Complaint

Mr. Atwood brings this action under 42 U.S.C. § 1983. He names two defendants: Deputy Sheriff #73-28 Kenneth Thompson and the Shelby County Sheriff's Department.

Mr. Atwood alleges that in October 2018 he asked a homeowner if he could use their restroom because he had ingested an unknown substance and felt the need to vomit. The homeowner gave Mr. Atwood permission to enter his home and asked Mr. Atwood if it was urgent enough for him to call 911. Mr. Atwood said yes and gave the homeowner his name as the homeowner called emergency responders.

2

Deputy Rosales arrived and escorted Mr. Atwood from the bathroom in the home to a firetruck outside, and Mr. Atwood was taken to a hospital.

Later that week, Mr. Atwood was taken into custody and charged with residential entry based on Deputy Thompson's affidavit. According to Mr. Atwood, the affidavit falsely stated that Mr. Atwood entered two homes without permission and that the homeowners had filed reports with police.

Mr. Atwood was detained on the charges for four months before they were dismissed without prejudice. During his incarceration, he had his parental rights terminated for his newborn daughter and lost his job.

### III. Discussion

Mr. Atwood's claim that his arrest and detention were based on a falsified affidavit **shall proceed** against Deputy Thompson under the Fourth Amendment. *See Manual v. City of Joliet, Ill.*, 137 S. Ct. 911, 918–19 (2017).

Any claim against the Shelby County Sheriff's Department must be **dismissed for failure to state a claim upon which relief can be granted**. The Sheriff's Department cannot be liable for the acts of Deputy Thompson under § 1983. Instead, the Sheriff's Department may only be sued when its actions violate the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) to claim against Sheriff Department). To state a *Monell* claim, Mr. Atwood must allege that an action taken by the Sheriff's Department caused the deprivation of his federally secured rights. The Sheriff's Department "'acts' through its written policies, widespread practices or customs, and the

3

acts of a final decisionmaker." *Id.* (citing *Bd. of the Cty. Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997)). The second amended complaint fails to provide any factual basis upon which to conclude that the Sheriff's Department took any action that caused Mr. Atwood's injury.

Mr. Atwood's Fourth Amendment claim against Deputy Thompson is the only viable claim the Court has identified. If Mr. Atwood believes that additional claims were alleged in the second amended complaint, but not identified by the Court, he shall have **through August 20, 2021**, in which to identify those claims.

### IV. Service of Process

The **clerk is directed** to add Deputy Sheriff #73-28 Kenneth Thompson as a defendant and terminate Shelby County Sheriff's Department, Shelby County Criminal Justice Center, and City of Shelbyville as defendants on the docket.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendant Deputy Sheriff #73-28 Kenneth Thompson. Process shall consist of the second amended complaint, dkt. [29], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

### V. Conclusion

Mr. Atwood's Fourth Amendment claim shall proceed against Deputy Thompson. All other claims and defendants are dismissed from this action. Mr. Atwood shall have **through August 20, 2021**, to notify the Court of any

4

claims alleged in his second amended complaint but not identified by the

Court.

**SO ORDERED.**

Date: 7/22/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSE EDWARD ATWOOD
141915
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com

Deputy Sheriff #73-28 Kenneth Thompson
Shelby County Sheriff's Department
107 W. Taylor St.
Shelbyville, IN 46176

5