UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE EDWARD ATWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-03161-JPH-TAB |
| ) | |
| KENNETH THOMPSON Deputy Sheriff #73-28, ) | |
| ) | |
| Defendant. ) | |

**Order Addressing Response to Screening Order and
Denying Motion for Counsel, Motion to Allow Defendant to Act as Co-Counsel, and
Motion for Law Student Preparation**

Plaintiff Jesse Atwood brings this action alleging constitutional violations stemming from an arrest in Shelby County, Indiana. The Court screened his amended complaint and permitted a Fourth Amendment claim to proceed against Deputy Sheriff Kenneth Thompson. Dkt. 30.

Mr. Atwood has filed a response regarding additional claims, and several motions that the Court now addresses.

### I.    Additional Claims

The Court screened Mr. Atwood's amended complaint, identified a Fourth Amendment claim, and provided him through August 20, 2021, to identify any claims "*alleged* in his second amended complaint but not identified by the Court." Dkt. 30 at 4 (emphasis added). Mr. Atwood filed a document titled "Additional Claims Not Identified by the Court," which adds additional factual details and legal claims that were not included in his amended complaint. *Compare* dkt. 37 *with* dkt. 30.

An amended complaint completely replaces any previous complaint and must stand on its own. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). The pleading at docket 37 does not stand

1

on its own as an amended complaint, so the Court will not construe it as such. Mr. Atwood may seek leave to file an amended complaint by following the instructions on page 3 of the pretrial schedule. Dkt. 47.

## II.     Motion to Appoint Counsel and Private Investigator

Mr. Atwood has filed his third motion for the appointment of counsel and also requests the appointment of a private investigator. Dkt. 39. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Mr. Atwood has contacted eight attorneys. This is a reasonable attempt, but Mr. Atwood should continue his efforts to find counsel on his own.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Id.* (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of

the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). Additionally, the Court "should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history. . . . These are practical inquiries, and the court should consider any available relevant evidence." *Id.* at 682.

In this case, Mr. Atwood is suing Deputy Sheriff Kenneth Thompson, employed by the Shelby County Sheriff's Department, for false arrest and detention. Mr. Atwood alleges that he became violently ill and received permission to enter a stranger's home to use the bathroom, but Deputy Sheriff Thompson falsified a probable cause affidavit to say that Mr. Atwood entered two homes without permission. Mr. Atwood was incarcerated for four months before the charges were dismissed.

Mr. Atwood has his GED and has not received assistance in preparing the filings in this action. Dkt. 26 at 2−3. He has anxiety and depression that can affect his decision-making abilities. Dkt. 26 at 3. Mr. Atwood alleges that he needs the assistance of counsel and a private investigator because he is unable to adequately investigate the defendant's actions while incarcerated. Dkt. 39 at 1−2, 4. His ability to manage his case has been hindered by his transfer to three different IDOC facilities and the corresponding quarantines required by each transfer. *Id.* at 5.

The Court concludes that Mr. Atwood is competent to litigate on his own at this time. Mental illness, while relevant to the Court's inquiry, does not create a legal entitlement to the appointment of counsel. *Perry v. Sims*, 990 F.3d 505, 513 (7th Cir. 2021). Despite his mental illness, Mr. Atwood has been actively participating in this litigation, and his filings have cogently described his claims. As to his concern about gathering information, it is early in the discovery process. Initial disclosures are not due until November 8, 2021, and discovery does not close until March 8, 2022. Dkt. 47. It's speculative to conclude that Mr. Atwood will not be able to obtain the information he needs through written discovery. Further, although his access to the law library may be limited, that is a challenge faced by all incarcerated litigants. If Mr. Atwood has trouble meeting deadlines due to limited law library access, he may move the Court for an extension of time.

Further, Mr. Atwood's request for the appointment of a private investigator is denied. "[T]he expenditure of public funds is proper only when authorized by Congress." *United States v. MacCollom*, 426 U.S. 317, 321 (1987). There is no congressional authorization for the Court to pay the costs of a private investigator for Mr. Atwood. *See Santos v. Baca*, 2014 WL 12910916, *2 (D. Nev. Aug. 19, 2014) (citing *MacCollom* and *Tedder v. Odel*, 890 F.2d 210, 211−12 (9th Cir. 1989)) (no congressional authorization under 28 U.S.C. § 1915 or 18 U.S.C. § 3006A to fund a private investigator in a civil action); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987) (observing that 28 U.S.C. § 1915 does not authorize waiving the payment of witness fees for indigent plaintiff).

For the foregoing reasons, Mr. Atwood's motion to recruit counsel and a private investigator, dkt. [39], is **denied**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion for counsel, such as a settlement conference or trial.

### III. Motion to Allow Defendant to Participate at Trial as Co-Counsel and Motion for Law Student Participation

Next, Mr. Atwood has filed a motion to allow him to serve as co-counsel at his trial, dkt. [40], and a "motion for consent to law student participation in preparation of trial," dkt. [49], in which he notifies the Court of his willingness to have law students participate in his case under the supervision of licensed attorneys. Both motions are **denied as premature**. There is no trial date, and the Court has declined to recruit counsel at this early stage in the proceedings.

### IV. Conclusion

The Court takes no action with respect to Mr. Atwood's "Additional Claims Not Identified by the Court." Dkt. 37. Mr. Atwood may seek leave to file an amended complaint if he wishes by following the instructions in the pretrial schedule. Dkt. 47 at 3.

Mr. Atwood's motion to appoint counsel, dkt. [39], motion to allow him to participate at trial as co-counsel, dkt. [40], and motion for law student participation in preparation of trial, dkt. [49], are **denied**.

**SO ORDERED.**

Date: 10/18/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSE EDWARD ATWOOD
141915
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel