UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE EDWARD ATWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-03161-JPH-TAB |
| ) | |
| KENNETH THOMPSON Deputy Sheriff #73-28, ) | |
| ) | |
| Defendant. ) | |

**Order Denying Motion to Dismiss**

Plaintiff Jesse Atwood brings this action alleging constitutional violations stemming from an October 2018 arrest in Shelby County, Indiana. The Court screened his amended complaint and permitted a Fourth Amendment claim to proceed against Deputy Sheriff Kenneth Thompson. Dkt. 30.

The defendant has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Atwood's complaint is barred by the statute of limitations. For the reasons discussed in this Order, the defendant's motion is denied.

## I. Background

According to his amended complaint, on October 4 or 5 of 2018, Mr. Atwood asked a homeowner if he could use their restroom because he had ingested an unknown substance and felt ill. The homeowner gave Mr. Atwood permission to enter his home. Deputy Thompson prepared a probable cause affidavit in which he falsely stated that Mr. Atwood entered two homes without permission and that the homeowners had filed reports with police.

Mr. Atwood was arrested the night of the incident and detained on the charges until March 6, 2019. The case was dismissed without prejudice on March 13, 2019. During that time, Mr. Atwood lost his job and his parental rights to his newborn child.

Mr. Atwood's complaint was signed on October 21, 2020.[1] Dkt. 7-2 at 5. Mr. Atwood filed an amended complaint on March 1, 2021, which was screened and dismissed for failure to state a claim. Dkts. 21, 24. Mr. Atwood filed a second amended complaint on May 18, 2021. Dkt. 29. The Court screened Mr. Atwood's amended complaint and authorized him to proceed with a claim that his arrest and detention were unlawful under the Fourth Amendment. Dkt. 30.

## II.     Discussion

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

The defendant argues that the statute of limitations accrued when Deputy Thompson arrested Mr. Atwood in early October 2018 and was therefore expired when he filed his complaint. "Although state law determines the length of the statute of limitations for a § 1983 claim, federal law provides when that limitations period begins." *Smith v. City of Chicago*, 3 F.4th 332, 335 (7th Cir. 2021). In Indiana, the limitations period is two years. Ind. Code § 34-11-2-4.

---

[1] The defendant alleges that November 20, 2020, was the operative date because that was when the complaint was filed in state court before its removal to this Court. Dkt. 55 at 3. But under the "prison mailbox rule," a petitioner's pleading is considered filed when it is handed over to prison staff for mailing. *Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015). Accordingly, for purposes of this motion, the Court assumes that Mr. Atwood handed the complaint to prison staff for mailing the same day he signed the certificate of service.

2

In *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 918 (2017), the Supreme Court held that wrongful pretrial detention violates the Fourth Amendment "not only when it precedes, but also when it follows, the start of legal process in a criminal case." In other words, Mr. Atwood's harm did not end when he was arrested or bound over for trial, but rather it was ongoing through the duration of his custody. And "[w]hen a wrong is ongoing rather than discrete, the period of limitations does not commence until the wrong ends." *Manuel v. City of Joliet, Ill.* (*Manuel II*), 903 F.3d 667, 669 (7th Cir. 2018). Thus, on remand from the Supreme Court, the Seventh Circuit held in *Manuel II* that a Fourth Amendment claim like Mr. Atwood's accrues when the detention ends. *Id.* at 670.

Mr. Atwood was not released from detention until March 6, 2019, making his October 21, 2020, complaint timely. The defendant's motion to dismiss, dkt. [54], is therefore **denied**.

### III.   Conclusion

Because the statute of limitations did not accrue until Mr. Atwood was released from jail, his complaint was timely. Accordingly, the defendant's motion to dismiss the complaint as being barred by the statute of limitations, dkt. [54], is **denied**.

**SO ORDERED.**

Date: 1/10/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

JESSE EDWARD ATWOOD
141915
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com