UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE EDWARD ATWOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-03161-JPH-TAB |
| KENNETH THOMPSON Deputy Sheriff, | ) ) ) |
| Defendant. | ) ) |

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Jesse Atwood alleges that the defendant, Shelby County Sheriff's Deputy Kenneth Thompson, arrested him without probable cause in violation of his Fourth Amendment rights and Indiana state law. Both parties have filed motions for summary judgment. Dkts. 98, 100. Because the undisputed evidence demonstrates that Deputy Thompson had probable cause to arrest Mr. Atwood, summary judgment as to the Fourth Amendment claim must be **granted** as to Deputy Thompson and **denied** as to Mr. Atwood. Mr. Atwood's state law claims are **REMANDED** to Shelby County Superior Court.

**I.
Facts and Background**

The parties have filed cross-motions for summary judgment, so the Court takes the motions "one at a time." *American Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016). For each motion, the Court views and recites the evidence and draws all reasonable inferences "in favor of the non-moving party." *Id.* That's not necessary here, however, because even when all evidence

1

is interpreted in Mr. Atwood's favor, Deputy Thompson is entitled to summary judgment.[1]

Deputy Thompson received a dispatch on October 4, 2018, about a man having entered a private residence without permission. Dkt. 101-1 at ¶ 1 (Affidavit of Deputy Thompson). Deputy Thompson responded to the scene, at which time he encountered Wallace Shrader, the homeowner who had called the police. *Id.* at ¶¶ 2–4.

Mr. Shrader informed Deputy Thompson that a man had walked into his home without permission and asked if they had any laxatives, claiming he had been poisoned and needed to purge his system. *Id.* at ¶ 5. The Shraders advised the man that they could not assist, and the man began to leave the house. *Id.* at ¶ 6. At that time, Mr. Shrader told his wife to call the police. *Id.* According to Mr. Shrader, the man, a white male wearing a red t-shirt and baggy jeans, then took off running west, further into the housing development. *Id.* at ¶¶ 7, 9.

While searching the housing development, Deputy Thompson received a radio dispatch that Deputy Rosales had encountered the suspect in another home nearby. *Id.* at ¶¶ 10-11.

Deputy Thompson went to that home, where he found the homeowner standing in the driveway holding his dogs. *Id.* at ¶ 12. The homeowner, Chad Wilson, told Mr. Thompson and the other deputies that there was a stranger in

---

[1] The only evidence Mr. Atwood submitted in support of his motion was the probable cause affidavit, dkt. [99-1], the charging information, dkt. [99-2], the amended charging document, dkt. [99-3], and the order dismissing his criminal case, dkt. [99-4].

his bathroom. *Id.* at ¶ 13. Mr. Wilson told Deputy Thompson that he was in his home with the front door closed when a man opened the door and entered without his permission. *Id.* at ¶ 16.

Deputy Thompson, Deputy Rosales, and Deputy DeWitt entered the residence and found a man matching the description given to Deputy Thompson by Mr. Shrader, and was later identified as Jesse Atwood. *Id.* at ¶¶ 14–15.

The deputies escorted Mr. Atwood out of the Wilson residence and instructed him to sit on the front steps. *Id.* at ¶ 19. Medics were then called to come to the house to assist Mr. Atwood, who believed he had been poisoned. *Id.* at ¶¶ 5, 17, 20, and 21.

Deputy Thompson contacted the prosecutor on call, Ed Zych, and briefed him on what had occurred. *Id.* at ¶ 28. Prosecutor Zych informed Deputy Thompson that a residential entry had occurred once Mr. Atwood broke the plane of the doorways of the homes. *Id.* at ¶ 29. Deputy Thompson wrote up his report and forwarded it to the prosecutor's office for their review. *Id.* at ¶ 30.

The prosecutor's office notified Deputy Thompson the following day that they needed charging information on Mr. Atwood. *Id.* at ¶ 31. Deputy Thompson completed the charging information and forwarded it to the prosecutor's office with his report. *Id.* at ¶ 32; *see also* dkt. 101-2 at 7–8 (copy of police report); dkt. 99-1 (probable cause affidavit); dkts. 99-2 and 99-3 (charging documents). Everything contained in Deputy Thompson's report and the charging information was true and correct to the best of his knowledge and

was based on his own observations or the information he received from eyewitnesses. Dkt. 101-1 at ¶ 33.

Mr. Atwood was charged with residential entry, a level 6 felony. Dkt. 99-3. Mr. Atwood was incarcerated in the Shelby County jail for several months while the charges were pending. Dkt. 99 at 2. While he in the jail, a Child in Need of Services ("CHINS") Petition was filed in Indiana court with respect to Mr. Atwood's newborn child. Dkt. 101-2 at 9.[2]

The criminal case was dismissed without prejudice on March 13, 2019.[3] Dkt. 99-4.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this

---

[2] Deputy Thompson filed a copy of Mr. Atwood's tort claim notice, which contained the court records related to the CHINS proceeding, as an exhibit in this case. Dkt. 101-2. The Court has repeatedly reminded Mr. Atwood and counsel that documents containing minor children's names or documents related to sealed court proceedings should be redacted or filed under seal. *See, e.g.,* dkts. 20, 79.

[3] Mr. Atwood alleges that the trial court dismissed the case because "Deputy Rosales had returned from his vacation to give the court a statement that the court acknowledged[.]" He submits no admissible evidence in support of this statement.

burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on cross motions for summary judgment, the Court takes the motions "one at a time," viewing and reciting the evidence and drawing all reasonable inferences "in favor of the non-moving party." *Williams*, 832 F.3d at 648.

### III.
### Analysis

Under the Court's Order screening Mr. Atwood's third amended complaint, Mr. Atwood was permitted to proceed on (1) a claim that his arrest and subsequent detention were unlawful under the Fourth Amendment and (2) Indiana state tort claims of negligent infliction of emotional distress and defamation.

**A. Fourth Amendment Claim**

Deputy Thompson argues that he is entitled to summary judgment because he had probable cause to arrest Mr. Atwood.

"Probable cause is an absolute defense to claims of wrongful or false arrest under the Fourth Amendment in section 1983 suits." *Ewell v. Toney,* 853 F.3d 911, 919 (7th Cir. 2017). "In other words, if an officer has probable cause to arrest a suspect, the arrest was not false." *Id.* Probable cause "exists at arrest when a reasonable officer with all the knowledge of the on-scene officers would have believed that the suspect committed an offense defined by state law." *Jump v. Vill. of Shorewood,* 42 F.4th 782, 789 (7th Cir. 2022). In

5

analyzing whether probable cause exists, the Court must "look at the totality of the circumstances—the whole picture." *Id.* (citing *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018)).

Under Indiana law, "[a] person who knowingly or intentionally breaks and enters the dwelling of another person commits residential entry, a Level 6 felony." Ind. Code § 35-43-2-1.5. The opening of an unlocked door is sufficient to establish that a breaking has occurred. *Higgins v. State*, 783 N.E.2d 1180, 1184 (Ind. Ct. App. 2003). Further, "the offense of residential entry does not require intent to commit a felony in the structure." *Williams v. State*, 873 N.E.2d 144, 148 (Ind. Ct. App. 2007).

Here, Deputy Thompson has designated evidence that both homeowners reported to him that Mr. Atwood had entered their homes without permission and that they did not know him. Dkt. 101-1 at ¶¶ 5, 16. Mr. Wilson also stated that Mr. Atwood had opened his door and entered his house without permission. *Id.* at ¶ 16. These facts are sufficient to support the probable cause determination. *Higgins*, 783 N.E.2d at 1184. Therefore, to survive summary judgment, Mr. Atwood must "specifically controvert[]" Officer Thompson's designated evidence "with admissible evidence" that would allow a jury to find in his favor.  S.D. Ind. L.R. 56-1(f)(1)(A); *see Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 931 (7th Cir. 2018).  "[I]nferences supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007).

Despite being specifically informed of his right to respond and submit evidence in opposition to Deputy Thompson's motion for summary judgment, dkt. 103, Mr. Atwood did not file a response. The Court therefore treats Deputy Thompson's supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f); *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions."). Considering Deputy Thompson's designated evidence and Mr. Atwood's failure to designate any evidence, the totality of the circumstances supports a finding of probable cause, and a jury could not find in Mr. Atwood's favor.

In his amended complaint, Mr. Atwood alleges that the homeowners' "reports were not given, and the [probable cause] affidavit was fraudulent." Dkt. 80 at 3. And in his brief in support of his motion for summary judgment, Mr. Atwood argues that some of the facts set forth in Deputy Thompson's probable cause affidavit are false. Dkt. 99. Specifically, he asserts that Mr. Wilson gave him permission to enter his house; that he (Mr. Atwood) was the one who requested emergency assistance; and that Deputy Rosales was the officer who first responded to the scene. *Id.* at 1-2. He further contends that he committed no wrong; that Deputy Thompson filed "false and fraudulent charges" against him; and that the charges against him were ultimately dismissed after Deputy Rosales returned from vacation and gave a statement.

*Id.*; *see also* dkt. 98 (Amended Motion for Summary Judgment in Favor of the Plaintiff).

None of those filings, however, are verified, and therefore are not admissible evidence. *See Owens v. Hinsley*, 635 F.3d 950 (7th Cir. 2011). And despite Mr. Atwood's arguments, the fact remains that he has designated no admissible evidence that contradicts Deputy Thompson's version of events as established by Deputy Thompson's sworn affidavit.[4] *Ewell*, 853 F.3d at 919. Accordingly, Deputy Thompson is entitled to summary judgment on Mr. Atwood's Fourth Amendment claim.[5]

**B. Indiana State Law Claims**

Indiana substantive law governs Mr. Atwood's state law claims. *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019). "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co. v. BP Prods. N. Am.*, 672 F.3d 476, 479 (7th Cir. 2012) (internal quotations omitted); 28 U.S.C. § 1367(c). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.* at 479 (internal quotation marks omitted). There are a few

---

[4] The version of events that Deputy Thompson provided in his affidavit in support of the summary judgment motion, dkt. 101-1, is in all material respects the same as the version he provided in his police report, dkt. 101-2 at 7–8.

[5] Because the Court concludes that no constitutional violation occurred, it does not address Deputy Thompson's argument that he is entitled to qualified immunity.

8

exceptions to that general rule: "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008).

Here, the factors weigh in favor of remand. First, remanding the case to Shelby Superior Court will avoid any statute of limitations problems. *See Plaats v. City of Lafayette*, 2015 WL 5773724, at *4 (N.D. Ind. Sept. 30, 2015) (noting that any statute of limitations concerns "are less relevant when the court remands a case"), *aff'd sub nom. Plaats v. Barthelemy*, 641 F. App'x 624 (7th Cir. 2016). Second, while the case has been in federal court for over two years and the Court has expended resources to address documents and motions filed by Mr. Atwood, the Court has not spent substantial resources specifically addressing the merits of his state law claims. Thus, there will not be a "substantial duplication of effort." *Davis*, 534 F.3d at 654; *RWJ Mgmt. Co. Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 481 (7th Cir. 2012) ("concerns about judicial economy have their greatest force when significant federal judicial resources have already been expended to decide the state claims.").

Finally, Defendant argues that Mr. Atwood's tort claims are barred by the Indiana Tort Claims Act and its notice requirements. But, resolving that argument will turn on interpretation of the ITCA, potential bases for tolling the statute's timing requirements, and evaluating the sufficiency of Mr. Atwood's

9

allegations and evidence—that is, resolution of the state law claims is not "obvious." *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("If the question whether a state-law claim lacks merit is not obvious, comity concerns may dictate relinquishment of jurisdiction.").

Therefore, the Court exercises its discretion to relinquish jurisdiction over Mr. Atwood's state law claims. Those claims are **REMANDED** to Shelby Superior Court.

## IV. Conclusion

For the foregoing reasons, Deputy Thompson's motion for summary judgment, dkt. [100], is **granted with respect to the Fourth Amendment claim**, and Mr. Atwood's motion for summary judgment, dkt. [98], is **denied with respect to the Fourth Amendment claim**.

Mr. Atwood's state law claims are **REMANDED** to Shelby Superior Court.

The **clerk is directed** to seal Defendant's exhibit at docket [101-2].

**SO ORDERED.**

Date: 3/29/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSE EDWARD ATWOOD
141915
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
CARLISLE, IN 47838
Electronic Service Participant – Court Only

Shelby County Clerk
407 S. Harrison St., Rm. 111
PO Box 198
Shelbyville, IN 46176

All Electronically Registered Counsel

11